```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────
LIBERTY MUTUAL INSURANCE COMPANY,
               Plaintiff,                  13-cv-3755 (JGK)
     v.                                    15-cv-1141 (JGK)
THE FAIRBANKS COMPANY,
               Defendant/Plaintiff,        MEMORANDUM OPINION AND
     v.                                    ORDER
NATIONAL UNION FIRE INSURANCE OF
PITTSSBURG, PA; LIBERTY MUTUAL
INSURANCE COMPANY; FIREMAN'S FUND
INSURANCE COMPANY; AXA ROYALE BELGE;
THE HARTFORD INSURANCE COMPANY;
TRAVELER'S CASUALTY & SURETY
COMPANY,
               Defendants.
─────────────────────────────────────────
```

**JOHN G. KOELTL, District Judge:**

This case arises out of an insurance claim dispute between, among others, Liberty Mutual Insurance Company ("Liberty") and The Fairbanks Company ("Fairbanks"). In an Order dated March 21, 2016 ("March 21 Order"), this Court granted a motion by Liberty for summary judgment on the issue of the allocation method that should apply to Liberty's insurance policies.

Fairbanks moved for reconsideration, arguing that under the May 3, 2016, New York Court of Appeals decision in <u>In re Viking Pump, Inc.</u>, 27 N.Y.3d 244 (2016), all sums allocation rather than pro rata allocation should apply to the Liberty umbrella policies at issue. Liberty opposed the motion for reconsideration in part and moved for summary judgment seeking

declaratory relief with respect to the interpretation of the non-cumulation clauses in the Liberty umbrella policies.

In an Order dated August 5, 2016 (the "August 5 Order"), this Court acknowledged that there was no dispute that the all sums allocation should apply to the Liberty umbrella parties as a result of In re Viking Pump and granted Fairbanks's motion for reconsideration.  This Court also denied Liberty's motion for summary judgment on the interpretation of the non-cumulation clauses because there remained substantial ambiguity as to how these clauses in the umbrella policies operate.[1]  Liberty now moves for the Court to certify the Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  Liberty's motion is denied.

A district court should certify an order for interlocutory appeal if: (1) "such order involves a controlling question of law," (2) "there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).  Only "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment."  Coopers & Lybrand

---

[1] The parties' familiarity with the facts and arguments in the underlying March 21 Order, the August 5 Order, and the related briefs is presumed. See Liberty Mut. Ins. Co. v. Fairbanks Co., Nos. 13-cv-3755, 15-cv-1141 (JGK), 2016 WL 1169511 (S.D.N.Y. Mar. 21, 2016); Liberty Mut. Ins. Co. v. Fairbanks Co., Nos. 13-cv-3755, 15-cv-1141 (JGK), 2016 WL 4203543 (S.D.N.Y. Aug. 5, 2016).

v. Livesay, 437 U.S. 463, 475 (1978) (internal quotation marks and citation omitted).  "The decision whether to grant an interlocutory appeal from a district court order lies within the district court's discretion."  King Cty., Wash. v. IKB Deutsche Industriebank AG, 863 F. Supp. 2d 317, 320 (S.D.N.Y. 2012); see also Two Farms, Inc. v. Greenwich Ins. Co., No. 12-cv-0050 (JGK), 2013 WL 1810770, at *1 (S.D.N.Y. May 1, 2013).

The Court declines to certify its prior August 5 Order for interlocutory appeal.  There are no controlling questions of law as to which there is a substantial ground for difference of opinion.  See Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas, 426 F. Supp. 2d 125, 128 (S.D.N.Y. 2005) ("[A] question of contract interpretation typically is not a 'controlling question of law' that serves as a basis for interlocutory appeal."); In re Flor, 79 F.3d 281, 284 (2d Cir. 1996) ("[T]he mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion.").

Moreover, an immediate appeal would not materially advance the ultimate termination of the litigation.  Discovery in this case remains open, and it is currently unclear as a factual matter whether the events triggering Fairbanks's insurance claims should be classified as a single or multiple occurrence, whether Fairbanks has exhausted the limits on its excess

3

policies, and what practical effect Liberty's interpretation of the non-cumulation clauses would have on the insurance coverage available to Fairbanks.  As the court pointed out in its August 5 Order, Liberty's interpretation of the non-cumulation clause "potentially implicates the order in which policies should be triggered, the effect of Liberty's practice of allocating indemnity payments across policies, and speculation over what will occur when Liberty has paid out the limit on an umbrella policy, which has not yet occurred."  Liberty Mut. Ins. Co. v. Fairbanks Co., No. 13-cv-3755, 15-cv-1141 (JGK), 2016 WL 4203543, at *5 (S.D.N.Y. Aug. 5, 2016).

Upon the conclusion of discovery, either Liberty or Fairbanks may advance its arguments upon a renewed summary judgment motion; if the Court agrees with those arguments, summary judgment on a complete record may be granted at that time.  However, an interlocutory appeal would delay the case for about a year, with no guarantee that the outcome would be anything other than a remand to develop the record.  The most efficient way to advance the ultimate termination of the litigation is to have the parties conduct discovery and to permit them to renew their motions for summary judgment on the complete record.

4

## CONCLUSION

The Court has considered all of the arguments of the parties.  To the extent not specifically addressed above, the remaining arguments are either moot or without merit.  For the foregoing reasons, Liberty's motion for the Court to certify the August 5 Order for interlocutory appeal is **denied**.  The Clerk is directed to close Docket No. 167.

**SO ORDERED.**

**Dated:    New York, New York**
**          September 22, 2016**

_____/s/_____
John G. Koeltl
**United States District Judge**